IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**VERLIN SMITH**                                                                                                   **PLAINTIFF**

**v.**                                         **3:09CV00203-BRW**

**HYTROL CONVEYOR COMPANY, INC.**                                                **DEFENDANT**

**AMENDED ORDER**[1]

Pending is Defendant's Motion for Summary Judgment (Doc. No. 13). Plaintiff has responded,[2] and Defendant has replied.[3] For the reasons set out below, the Motion is GRANTED.

**I.   BACKGROUND**[4]

Plaintiff filed this action under the Age Discrimination in Employment Act[5] ("ADEA") after being terminated from his employment at Defendant Hytrol Conveyor Company, Inc. ("Hytrol" or "Defendant"). Plaintiff worked for Hytrol from April 1987 until he was terminated in February 2009 at the age of 56. Hytrol manufactures material handling conveyors, and Plaintiff worked in the programming department. His primary job duty was programming a Wiedemann press.

---

[1] This order replaces, *nunc pro tunc*, the original order filed on July 7, 2011. This decision corrects an omission from a footnote.

[2] Doc. No. 16.

[3] Doc. No. 19.

[4] Unless otherwise noted, the information in the background section is taken from the parties' statements of facts (Doc. Nos. 15, 18).

[5] 29 U.S.C. § 621, *et seq.*

1

In 2006, Hytrol began bringing in Trumpf laser presses.  With each new laser press, a Wiedemann press was phased out.  By 2009, Hytrol was operating three Trumpf laser presses and two Wiedemann presses.  When Hytrol purchased its first laser press, it sent two employees, Ronald Wise and Cary Middlecoff, to be formally trained to write computer programs for the lasers.  All programmers but Plaintiff learned to write the programs necessary to operate the Trumpf Laser—either during working hours or by working overtime.

In late 2008 and early 2009, Hytrol experienced a downturn in business, and Plaintiff and 230 other employees lost their jobs in a six-month period, with cuts being made in October 2008, January 2009, February 2009, and May 2009.  As of January 1, 2009, the programming department consisted of the following seven people:  Plaintiff (age 56); Ronald Wise (51); Ricky Tubbs (46); Cary Middlecoff (45); Larry Johnson (43); Cameron Gillean (33); and Joseph Martin (23).  In January 2009, Joseph Martin's job was eliminated based on seniority.

Plaintiff admits that at the time of his termination he was not "stand alone" capable of writing programs for the Trumpf lasers.  While he was never specifically denied training on the lasers, he asserts he did not have time to train because of his assignments working on the Wiedemanns.  Hytrol asserts that Plaintiff was terminated because he could not program the Trumpf lasers.  No one was hired to replace Plaintiff; his job duties were distributed among the five remaining programmers.

## II.     STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[6]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

---

[6]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[7]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should be granted only when the movant has established a right to the judgment beyond controversy.[8]  Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[9]  I must view the facts in the light most favorable to the party opposing the motion.[10]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

[T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[11]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[12]

---

[7]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[8]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[9]*Id.* at 728.

[10]*Id.* at 727-28.

[11]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[12]*Anderson*, 477 U.S. at 248.

## III.  DISCUSSION

The ADEA prohibits an employer from discharging an employee within the age-protected group (age 40 and over) because of the employee's age.[13] To establish a prima facie case of age discrimination resulting from an employer's reduction in force, a plaintiff must show that (1) he is 40 years old or older, (2) he was qualified for the job, (3) he was discharged, and (4) age was a factor the employer's decision to terminate him.[14] Following *Gross v. FBL Financial Services, Inc.*,[15] a plaintiff must prove that age was the "but-for" cause of the employer's decision to terminate him—thus raising the bar on the fourth element of the prima facie case to require a plaintiff to prove that the employer would not have taken the challenged action but for the plaintiff's age.[16]

Here, Plaintiff was 56 at the time of the adverse employment action (termination), and Hytrol concedes that he was satisfactorily performing his existing job duties.[17] At issue, then, is whether Plaintiff has presented evidence that his age was the "but-for" cause of his termination, so that there are factual issues to be tried.

Plaintiff contends that he has met his burden of proof on this point with the following information:

---

[13] 29 U.S.C. §§ 623(a)(1), 631(a).

[14] *Chambers v. Metropolitan Prop. and Cas. Ins. Co.*, 351 F.3d 848, 855 (8th Cir. 2003); *Bashara v. Black Hills Corp.*, 26 F.3d 820, 823 (8th Cir. 1994) (citing *Holley v. Sanyo Mfg., Inc.*, 771 F.2d 1161 (8th Cir. 1985)).

[15] *Gross v. FBL Fin. Servs., Inc.*, 129 S.Ct. 2343, 2350 (2009).

[16] *Gross*, 129 S.Ct. at 2351 ("[T]he burden of persuasion necessary to establish employer liability is the same in alleged mixed-motives cases as in any other ADEA disparate-treatment action. A plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the "but-for" cause of the challenged employer decision.").

[17] Doc. No. 14.

4

> (1) he was the oldest programmer for Hytrol; (2) that he was significantly older than the other programmers, ranging from five (5) to twenty-three (23) years; (3) that he was the only employee in the reduction-in-force laid off due to an alleged skill set, whereas all other 200 plus employees were laid off in order of seniority; (4) that Verlin Smith's job duties upon termination were distributed among the remaining programmers, all of whom were substantially younger than Verlin Smith; and (5) that the testimony of Cary Middlecoff and Ronald Wise supports that of Verlin Smith that he was not afforded the same actual opportunity to train for this alleged skill set as the other programmers were, contrary to the assertion of Defendant Hytrol.[18]

Finally, Plaintiff argues that Defendant's explanation for his termination has changed over time, and that this is evidence of that the explanation is pretextual.

The additional evidence of discrimination necessary to make a prima facie case can be statistical or circumstantial.[19] Here, statistics do not support Plaintiff's claim because Hytrol's workforce became slightly older as a result of the February 2009 job eliminations. Before the February 2009 workforce reduction, the average age of Hytrol's workforce was 44.65; after that, the average age was 45.22.[20]

Plaintiff was the oldest employee in the programming department at the time of his termination, and his job duties were taken over by the remaining programmers, all of whom were younger than Plaintiff. The Eighth Circuit has stated, however, that "the fact that the plaintiff's duties were assumed by a younger person is not enough in itself to establish a prima facie case."[21] Here, programmers who received formal training on the laser press, Ronald Wise and

---

[18]Doc. No. 17, p. 12.

[19]*Ward v. Int'l Paper Co.*, 509 F.3d 457, 461 (8th Cir. 2007).

[20]Doc. No. 15-1.

[21]*Fast v. Southern Union Co.*, Inc., 149 F.3d 885, 890 (8th Cir. 1998) (quoting *Bialas v. Greyhound Lines, Inc.*, 59 F.3d 759, 763 (8th Cir. 1995)). See also *Ward v. Int'l Paper Co.*, 509 F.3d 457, 461 (8th Cir. 2007) (In a reduction in force case, "[t]hat a younger employee assumed some of plaintiff's duties does not establish a prima facie case because often at least one younger worker receives some of plaintiff's duties.").

5

Cary Middlecoff, were only 5 and 11 years younger than Plaintiff, respectively.[22] There is no evidence that Defendant's selection of these two individuals to receive training was based on a discriminatory motive. Plaintiff contends that he was effectively denied training on the laser press because his other duties did not allow him time for such training and his requests for training were put off. But there is no evidence that the circumstances preventing Plaintiff from training to operate the lasers were the result of discrimination.

Plaintiff also argues that because other positions were eliminated based on seniority, not skill set, Hytrol deviated from its own "objective criterion of seniority" to discriminate against him because of his age. Neither the fact that a programmer had recently been selected for termination because of seniority, nor the fact that most other employees (particularly plant, not office, employees) were selected for termination on seniority grounds, raises an inference of discriminatory motive in terminating Plaintiff. It is undisputed that he lacked a critical skill set that all other programmers had attained.

Plaintiff's argument that Hytrol's stated reasons for terminating him have changed over time also fails. Pretext may be shown with evidence that the employer's reason for the termination has changed substantially over time.[23] In its position statement to the EEOC, Hytrol stated that Plaintiff was the only employee in the programming department who was "not trained (by his own choice) to program the Trumpf laser"[24] and that the decision to terminate him was

---

[22]See *Schiltz v. Burlington Northern R.R.*, 115 F.3d 1407, 1413 (8th Cir. 1997) (holding that a five-year age difference between a plaintiff and the youngest person hired is insufficient to establish a prima facie case); *Girten v. McRentals, Inc.*, 337 F.3d 979, 982 (8th Cir. 2003) (expressing doubt whether a nine-year age difference is sufficient to infer age discrimination).

[23]*Loeb v. Best Buy Co., Inc.*, 537 F.3d 867, 873 (8th Cir. 2008); *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 995 (8th Cir. 2011).

[24]Doc. No. 18, Exhibit E.

6

Case 3:09-cv-00203-BRW   Document 24   Filed 07/14/11   Page 7 of 7

based on objective criteria—education, training, and skill set. An exhibit to the position statement provided that "the decision to eliminate [Plaintiff's] position was primarily based on his skill set, but there were other factors that influenced the decision."[25] It went on to explain that Plaintiff had made "disparaging comments" about the lasers. Andy Maupin, who recommended that Plaintiff's position be eliminated, testified at his deposition that he made the decision based solely on skill set.[26] Because Plaintiff's inability to program the laser presses has remained Hytrol's primary reason for his termination, the proffered reason for Plaintiff's termination has not changed substantially over time.

## CONCLUSION

In sum, Plaintiff has failed to come forward with evidence that permits a reasonable inference that he was terminated because of his age. Accordingly, Defendant's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED this 14th day of July, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[25] Doc. No. 18, Exhibit F.

[26] Doc. No. 18, Exhibit A.